Memorandum. The plaintiff insurance company issued a policy of liability coverage on November 21, 1964 for one year on a 1960 Rambler automobile which, Avithin the period of coverage, on November 5, 1965 was involved in an accident while being operated by a person laAvfully using it. The insurance company seeks in this action a declaration that it is not responsible for coverage although the premium paid extended beyond the time of accident.
The insured named in the policy was Eva Champlin, who died July 17, 1965. Her sister Ella Sheffield Avas named her executrix and residuary beneficiary and title to the automobile accordingly passed to her. Shortly after Eva Champlin’s death, the insurance agent who had negotiated the policy in issue *545 visited Ella Sheffield and advised her and Elton Sheffield, her son and an alternate executor of the (Jhamplin estate, that the motor vehicle plate could be turned in and part of the premium refunded or that the Sheffields could continue to use the car. The insurance company had previously been advised of the death of the named insured. On August 4, 1965 Ella Sheffield was appointed by the Surrogate executrix of Eva Champlin’s estate, and on November 1, 1965 Ella Sheffield died. The accident of November 5 occurred the day after her funeral while the car was being operated with the consent of her son by the latter’s wife.
The policy of insurance provided that in the event of the death of the insured the insurance policy ‘ ‘ shall cover ’ ’ any person “having proper temporary custody” of the vehicle “until the appointment and qualification of” a legal representative.
The Trial Term construed this policy provision to cover Elton Sheffield, the alternate executor of the named insured and the son of Ella Sheffield, to whom ownership of the car had passed.
After the beneficiary, Ella Sheffield, had died, her son, Elton Sheffield, probably succeeded to title but, in any event, he had the legal right to use the vehicle. Thus, he was a person having “ proper temporary custody ” of the vehicle even though a legal representative had previously been appointed and had died. The policy must be liberally construed in favor of coverage in these circumstances. To permit the insurer to escape liability would run against the public policy laid down by the Vehicle and Traffic Law.
The order should be affirmed, with costs.